UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**MIRIAM SAMAYOA,**                                              Chapter 7
    Debtor                                                        Case No. 10-20405-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MIRIAM SAMAYOA,**
    Plaintiff
v.                                                                            Adv. P. No. 11-1308

**ENCORE CREDIT CORP. and
DEUTSCHE BANK NATIONAL ASSOCIATION,
AS TRUSTEE,**
    Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the Motion for Preliminary Injunctive Relief filed by Miriam Samayoa (the "Debtor") pursuant to which she seeks to enjoin "Deutsche Bank, as Trustee" through its attorneys, Ablitt Schofield, P.C., from proceeding with its petition for an order of possession in the Housing Court with respect to property located at 387 Union Avenue, Framingham, Massachusetts (the "Property").

**II. BACKGROUND**

The Debtor filed a Chapter 13 petition on September 23, 2010. She previously filed

1

a Chapter 13 case on June 25, 2010 which was dismissed on August 5, 2010 for failure to file required documents.

On November 5, 2010, the Debtor filed Schedules of Assets and Liabilities and other documents. She listed the Property on Schedule A-Real Property with a value of $241,946. She did not claim an exemption in the Property on Schedule C-Property Claimed as Exempt. On Schedule D-Creditors Holding Secured Claims, she listed American Home Mortgage Servicing as the holder of a first mortgage with a secured claim in the amount of $364,935.29.

On November 10, 2010, the Debtor moved to convert her Chapter 13 case to a case under Chapter 7. In her Motion to Convert, she stated "Debtor initially filed a Chapter 13 to save her home which was facing foreclosure. Debtor's income is not enough to support making payments to her Plan and Mortgage. As such, she will be surrendering her home." The Debtor in her Statement of Intention, however, indicated an intention to reaffirm the debt, listing the creditor as American Home Mortgage Servicing. The Debtor never filed a reaffirmation agreement.

On December 1, 2010, Deutsche Bank National Trust Company, as Trustee for Encore Credit Receivables Trust 2005-4 ("Deutsche Bank"), filed a Motion for Relief from the Automatic Stay. In its Motion, it represented that, on September 21, 2005, the Debtor and a co-obligor granted Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Encore Credit Corp. ("Encore"), a mortgage on the Property to secure a note to Encore in the amount of $365,500. Deutsche Bank referenced an Assignment recorded

2

in the Middlesex County (Southern District) Registry of Deeds. The date of the Assignment was August 7, 2008. Pursuant to the Assignment, MERS, as nominee for Encore, assigned the mortgage to Deutsche Bank.

Deutsche Bank further represented in its Motion for Relief from the Automatic Stay that the Debtor had failed to make loan payments totaling $101,309.20. It concluded that it had established "cause" for relief from the automatic stay under 11 U.S.C. § 362(d)(1) and that the Debtor lacked equity in the Property and the Property was unnecessary for an effective reorganization for purposes of 11 U.S.C. § 362(d)(2).

Deutsche Bank served a copy of its Motion on the Chapter 7 Trustee, Debtor's Counsel, the Debtor, her co-obligor and other parties in interest. Neither the Trustee nor the Debtor interposed an objection to the Motion for Relief from the Automatic Stay, and the Court entered an order granting Deutsche Bank relief from the automatic stay on December 16, 2010.

On May 17, 2011 the Court entered the order of discharge. On September 25, 2011, the Chapter 7 Trustee filed a Report of No Distribution. The Debtor filed the above-captioned adversary proceeding one month later on October 24, 2011. The Complaint is not verified. The Motion for Preliminary Injunctive Relief is unsupported by an affidavit or other evidence.

In her Motion for Preliminary Injunctive Relief, the Debtor disclosed that Deutsche Bank foreclosed its mortgage on April 5, 2011 and is now proceeding in the Housing Court to evict her from the Property. She asserts that since the allowance of the Motion for Relief

from the Automatic Stay, she sought the opinion of an expert who opined that "the foreclosure was invalid as the wrong party foreclosed." The Debtor did not identify the expert and did not reveal his qualifications, the basis for his opinion, the time he formulated his opinion and whether he produced a written report.

In her Complaint, the Debtor formulated six counts, including a count for wrongful foreclosure. She made the following allegations pertinent to the Motion for Preliminary Injunctive Relief:

> According to the Pooling and Servicing Agreement and the Prospectus, the Closing Date for loans to be transferred into the Trust is "on or about November 10, 2005".
>
> An Assignment three years later, is not a valid assignment as the Closing date of the Trust had come and gone years earlier.
>
> According to the Pooling and Servicing Agreement and the Prospectus, the Cut Off Date for loans that could be transferred into the Trust were loans made after October 1, 2005.
>
> As indicated above the Samayoa loan originated on September 21, 2005, prior to the Cut Off Date.
>
> According to the Mortgage Loan Schedule, Samayoa's loan is not listed as one of the loans owned by Deutsche Bank National Trust Company, as Trustee for Encore Credit Receivables, Trust 2005-4.
>
> Throughout numerous filings with this Court, from a Proof of Claim, to a Motion for Relief from the Automatic Stay, Deutsche Bank National Trust Company, as Trustee for Encore Credit Receivables, Trust 2005-4 has held itself out to be the holder of this mortgage.
>
> On information and belief, this Court's reliance upon the Information [sic] provided to it as well as the Assignment was pivotal to this Court's decision to lift the Automatic Stay.

4

> Upon information and belief Deutsche Bank National Trust Company, as Trustee for Encore Credit Receivables, Trust 2005-4, at all relevant times therein represented that they were the Creditor of Samayoa, the mortgagee under the first mortgage, and a proper party to conduct a foreclosure of the Premises.
>
> At all relevant times, Deutsche Bank National Trust Company, as Trustee for Encore Credit Receivables, Trust 2005-4 did not have a valid assignment of the mortgage.

### III. DISCUSSION

The standard for obtaining injunctive relief is well known and needs little explication.

> To obtain a temporary restraining order or a preliminary injunction, the plaintiff must demonstrate: 1) a substantial likelihood of success on the merits, 2) a significant risk of irreparable harm if the injunction is withheld, 3) a favorable balance of hardships, and 4) a fit (or lack of friction) between the injunction and the public interest. Nieves–Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003) (citation omitted). Likelihood of success on the merits is the critical factor in the analysis. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993) (citations omitted).

Valerio v. U.S. Bank, N.A., 716 F.Supp.2d 124, 127 (D. Mass. 2010).

The Debtor's likelihood of success on the merits for purposes of obtaining injunctive relief is tied to this Court's jurisdiction. Generally, if the holder of a mortgage conducts a valid foreclosure sale, the debtor's equity of redemption in the property also is foreclosed, Outpost Café, Inc. v. Fairhaven Savings Bank, 3 Mass. App. Ct. 1, 7, 322 N.E.2d 183 (Mass. App. Ct. 1975), and the property is no longer property of the bankruptcy estate. *See* In re Hall, 188 B.R. 476, 481–82 (Bankr. D. Mass. 1995). In this case, the Debtor's equity of redemption was extinguished by the postpetition foreclosure sale, and the mortgage cannot

be revived under Massachusetts law. In re Mellino, 333 B.R. 578, 666 (Bankr. D. Mass. 2005). *But see* Bevilacqua v. Rodriguez, 460 Mass. 762 (2011). The Debtor's only interest in the Property is that of a tenant at sufferance. *See* In re Theoclis, 213 B.R. 880, 882 (Bankr. D. Mass. 1997). *See generally* Deassis v. Wells Fargo Bank, N.A. (In re Deassis), No. 10-1254, 2011 WL 765928 (Bankr. D. Mass. Feb. 25, 2011). Under that scenario, this Court lacks jurisdiction to determine the merits of the Debtor's claims.

This Court's jurisdiction is circumscribed. This Court may hear and determine all civil proceedings arising under title 11, or arising in or related to a case under title 11. To the extent the Property is no longer property of the estate, *see* 11 U.S.C. § 541(a), this Court lacks jurisdiction to enter a preliminary injunction as it lacks even "related to" jurisdiction. *See generally* Boston Regional Medical Center, Inc. v. Reynolds (In re Boston Regional Med. Center, Inc.), 410 F.3d 100, 105 (1st Cir. 2005). In other words, the outcome of the litigation between the Debtor and Deutsche Bank and Encore would have no conceivable impact on the bankruptcy estate. *See* Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 2005).

The Debtor's Motion for a Preliminary Injunction is tantamount to a Motion to Reconsider the entry of the order granting Deutsche Bank relief from the automatic stay. To the extent that Deutsche Bank obtained relief from the automatic stay improperly or its foreclosure sale may be void, and the Property and any claims related to the wrongful foreclosure sale are property of the bankruptcy estate, the proper party to assert those claims to relief is the Chapter 7 Trustee. The Debtor did not exempt the Property and her claims against Deutsche Bank existed at the commencement of her case, although she may

6

have just discovered them. As this Court observed in <u>McLaughlin v. Ascella Mortg. LLC</u> <u>(In re McLaughlin)</u>, No. 11-1242, Slip op. (Bankr. D. Mass. Oct. 21, 2011),

> Because the Debtor did not disclose his causes of action and his Chapter 7 case is not closed, the Court cannot find that the Trustee's Report of No Distribution constitutes a deemed abandonment. Accordingly, the causes of action remain property of the Debtor's bankruptcy estate and the Debtor lacks standing to prosecute the claims. *See* <u>In re Arana</u>, __ B.R.__, 2011 WL 4424280, *6 (Bankr. E.D.N.Y. Sept. 22, 2011) (". . . during the pendency of a bankruptcy case, the debtor does not have standing to initiate or pursue an action based on a prepetition claim unless the trustee abandons it back to the debtor"); <u>In re Robert</u>, 432 B.R. 464 (Bankr. D. Mass. 2010). As the court noted in <u>Robert</u>,
>
>> While disclosed assets are deemed abandoned upon the closing of a Chapter 7 bankruptcy estate, 11 U.S.C. § 554(c), "'property that is not formally scheduled is not abandoned and therefore remains part of the estate,'" <u>Welsh</u>, 199 B.R. at 229 (quoting <u>Rosenshein v. Kleban</u>, 918 F.Supp. 98, 102–03 (S.D.N.Y. 1996)). Because the Debtors' undisclosed Refinancing Claims were never abandoned by operation of § 554, they remain property of the Chapter 7 bankruptcy estate and the former Chapter 7 trustee is the only party with standing to prosecute those claims. Accordingly, the Debtors cannot pursue those claims here, and the Court must grant the Motion to Dismiss as to all claims that arose in connection with the Refinancing.
>
> <u>Id.</u> at 471 (footnotes omitted). *See also* <u>Brooks v. Beatty</u>, 25 F.3d 1037, 1994 WL 224160 (1st Cir. May 27, 1994) (plaintiff lacked standing to bring claim that existed prior to Chapter 7 bankruptcy filing which was not disclosed in the bankruptcy case; claim remained property of bankruptcy estate and only Chapter 7 trustee had standing to pursue the claim) . . . .

<u>In re Mclaughlin</u>, Slip op. at 12 (footnote omitted). Although this Court cannot conclude that the Debtor intentionally omitted potential claims against Encore and Deutsche Bank on Schedule B as it appears she was unaware of any alleged improprieties with respect to

7

the Assignment until after Deutsche Bank was granted relief from the automatic stay, any claims she has that are related to the Property and the foreclosure sale belong the Chapter 7 estate and she lacks standing in this Court to assert them, particularly where she did not claim the Property as exempt.

In addition to failing to establish either this Court's jurisdiction or her standing to prosecute the claims in her underlying Complaint, the Court finds that the Debtor's failure to verify the Complaint or support her request for injunctive relief with evidentiary materials is fatal to a finding that she sustained her burden with respect to a likelihood of success on the merits as to the relief she requests. Her bald assertions are insufficient to warrant either a hearing or an injunction. Moreover, although the Debtor addressed the element of irreparable harm, she failed to address the other factors that must be considered to warrant injunctive relief.

## IV. CONCLUSION

In accordance with the foregoing the Court shall enter an order denying the Motion for Preliminary Injunctive Relief.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: October 24, 2011

8